The opinion of the Court was delivered by
Coecook, J.
Neither of the Acts prescribes any particular form in which the bond shall be taken. But the Legislature conceiving this mode of proceeding might subject defendants to vexation and injury, by unjust plaintiffs, it was thought proper to secure their rights by requiring those, who should resort to this remedy, to give bond in double the amount of the sum to be attached, (1 Brev. Dig. 39, P. L. 366-8)[1] or for which the attachment shall issue, to make good any injury which may result from issuing such attachment. We are then only to determine whether the conditions of these bonds are such, that in case of any illegal conduct, the plaintiff might be made to respond in damages to the defendant. Upon an attentive examination of the words used in the two Acts, I think it will appear that they are, in substance, the same. But if there be the slightest difference, the words used in the conditions of these bonds, which are the words used in the Act authorizing the issuing of domestic attachments, are s'omewhat more comprehensive ; and I cannot conceive that it would be proper to permit the defendant to quash the attachment, because the plaintiff had given him more ample security than the law required.
The Act authorizing the issuing of foreign attachments is in these words : “ No writ of attachment shall issue before the plaintiff has given bond to *1121 the ^defendant in double the amount for which the attachment is-J sues, to be taken by arid lodged with the clerk of the district, to he answerable for all damages which the defendant may sustain by any illegal conduct in obtaining said attachment.”[2] 1 Brev. Dig. 41. That which relates, to domestic attachments, is as follows : “ That every justice of the peace, before granting such attachment, shall take bond and security of the party for whom the said attachments shall be issued, in double the sum attached, payable to the defendant for satisfying and paying all costs that shall be awarded to the defendant, in case the plaintiff suing out the attachment therein mentioned, shall discontinue, or be cast in his suit, and also all damages which shall be recovered against the said plaintiff, for his suing out such attachment, which bond shall be by the *437 same justice returned to the Court, to which the attachment is returnable, and the party entitled to such costs and damages may bring suit and recover, &c. 1 Brev. Dig. 39.1
The condition of the bond, in foreign attachments, is, that the plaintiff shall be answerable to the defendant for all damages which he may sustain by any illegal conduct in obtaining said attachment. That of the bond, in domestic attachments, is, to be amenable for'all costs which may be awarded, and also for all damages which shall be recovered against the plaintiff, for his suing out such attachment. Now damages cannot be recovered for suing out the attachment. The Act then means for illegally suing it out. And the conditions here used, then, contain all that is required by the Act for issuing foreign attachments, with an addition of the word costs, which would follow as a matter of course, the recovery of damages, and may therefore be considered as mere surplusage.
The motion is- rejected.
Nott, Gantt, Johnson and Richardson, JJ., concurred.

 County Court Act, 7 Stat. 213, § 4.

 1799, 7 Stat. 294, § 7

 7 Stat. 213, \ 4.
Post. 125; 4 Rich. 328; 1 Rich. 412, 438 ; 3 McC. 345 ; 1 McM. 54.